IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD E. WILMSHURST,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BILL LOCKYER, Attorney General, STATE OF CALIFORNIA; SUPERIOR COURT OF CALIFORNIA, COUNTY OF CALAVERAS,<br><br>　　　　　　Defendants. | CIV. S-04-0988 DFL KJM PS<br><br>ORDER |

On April 20, 2005, Pro Se Plaintiff filed a motion for a temporary restrictive order ("T.R.O.") in which he seeks to prohibit the Superior Court of California from conducting a criminal proceeding against him in People v. Wilmshurst, No. F3229.[1]  Plaintiff argues that his First Amended Complaint presents the need for the federal court to stay the state criminal proceeding in People v. Wilmshurst, contending if the state proceeding is not stayed, he will suffer irreparable injury.  Specifically, Plaintiff alleges that the state

---

[1] Plaintiff sought a prior T.R.O. in this action, which was denied since Plaintiff did not establish irreparable injury or a substantial likelihood of success on the merits.  Plaintiff's appeal of the denial is pending in the Ninth Circuit.

1

1  proceeding should be stayed because it violates 22 U.S.C. § 2778 and
2  26 U.S.C. § 5848.
3       The T.R.O. Plaintiff seeks is barred by the doctrine
4  enunciated in <u>Younger v. Harris</u>, 401 U.S. 37 (1971).  This is evinced
5  by the reasons stated in the Magistrate Judge's analysis of <u>Younger</u> in
6  the Findings and Recommendations filed October 12, 2004, beginning at
7  page 4, line 9 and continuing through page 6, line 20, which is
8  adopted herein as part of the ruling on Plaintiff's request for a
9  T.R.O.
10      <u>Younger</u> abstention applies here since Plaintiff has not
11 shown that the state court does not provide an adequate opportunity to
12 raise the arguments he presents in his request for a T.R.O.
13 <u>Woodfeathers, Inc. v. Washington County, Or.</u>, 180 F.3d 1017, 1020 (9th
14 Cir. 1999) ("Younger abstention applies with equal force, however,
15 without regard to whether the state proceedings are pending in the
16 trial or appellate court.").  "State courts are presumed adequate to
17 raise federal questions 'in the absence of unambiguous authority to
18 the contrary.'"  <u>Id.</u> (citation omitted).
19      Therefore, Plaintiff's request for a T.R.O. is denied.
20      IT IS SO ORDERED.[2]
21 Dated:  April 21, 2005

                              /s/ Garland E. Burrell, Jr.
                              GARLAND E. BURRELL, JR.
                              United States District Judge

---

[2] A courtroom deputy gave Plaintiff a copy of an order denying his T.R.O. yesterday and informed him that the final order would be filed today.

2