IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD E. WILMSHURST,

    Plaintiff,                    No. CIV S-04-0988 DFL KJM PS

    vs.

BILL LOCKYER, Attorney General,    <u>ORDER AND</u>

    Defendant.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Defendant's motion to dismiss the first amended complaint came on regularly for hearing June 29, 2005. No appearance was made for plaintiff.[1] Zackery Morazzini appeared for defendant. Upon review of the documents in support and opposition and supplemental briefing provided following the hearing, upon hearing the arguments of counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

I. <u>Background</u>

        On October 24, 2003, the Attorney General's Office filed an Information in Calaveras County Superior Court, charging plaintiff with nine counts of violating California

---

[1] Plaintiff contacted the court after the hearing and advised he intended to appear but was delayed by the inability to locate parking near the courthouse. The court granted plaintiff's request to submit supplemental briefing to cover the points he had intended to make at oral argument.

1

Penal Code section 12280(b) (possession of an assault weapon) and one count of violating California Penal Code section 12220(a) (possession of a machine gun).  Def't's First Request for Judicial Notice (First Request), Ex. A (Information in People v. Wilmshurst, F2909).  The Superior Court dismissed the information on April 13, 2004.  Pl.'s Exhibits Re: Chronology (Chronology), Ex. 25 at 12 (reporter's transcript of hearing).  On April 22, 2004, defendant filed a motion to resubmit the case to the magistrate, under the authority of California Penal Code section 997.  First Request, Ex. B (motion).

Plaintiff filed this action on May 20, 2004.

The Superior Court heard argument on defendant's motion to resubmit on May 25, 2004.  Chronology, Ex. 24 (reporter's transcript of hearing).

On June 4, 2004, plaintiff filed a motion for a temporary restraining order and preliminary injunction in this action.

On June 21, 2004, the Superior Court denied defendant's motion to resubmit the case to the magistrate and informed defendant his recourse was to refile criminal charges.  Def't's Second Request For Judicial Notice (Second Request), Ex. C (order).

On July 7, 2004, this court issued an order and findings and recommendations denying the temporary restraining order and recommending the preliminary injunction be denied.  On the same date, defendant filed Information number F3229, charging plaintiff with the same criminal charges.  Second Request, Ex. D (Information).  The July 7th findings and recommendations were adopted in full on January 4, 2005.

On July 12, 2004, defendant moved to dismiss this action.  On October 12, 2004, this court issued findings and recommendations recommending a grant of defendant's motion to dismiss based upon Younger abstention.  This motion to dismiss was rendered moot by plaintiff's filing an amended complaint.

On March 11, 2005, a jury in the state court prosecution found plaintiff guilty of possessing assault weapons and one MP-40 in his firearms inventory.  First Am. Compl. at 5.

On April 12, 2005, plaintiff filed his first amended complaint in this action. The amended complaint is substantially similar to the original complaint but adds Calaveras County Superior Court as a defendant, alleges preemption based on 22 U.S.C. § 2778 providing for federal registration by exporters of firearms, and improper use of plaintiff's importer's inventory under 26 U.S.C. § 5848. On April 22, 2005, defendant filed the pending motion to dismiss, which plaintiff has opposed.

II.  Standards For A Motion To Dismiss

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question. See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976). The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

Generally, a court decides motions to dismiss on the pleadings alone. A court, however, may consider certain materials--documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice--without converting the motion to dismiss into a motion for summary judgment. United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003). Records from the state court are subject to judicial notice. Miles v. State of California, 320 F.3d 986, 987 n.1 (9th Cir. 2003); Fed. R. Evid. 201(d). Defendant's July 12 and September 22, 2004 requests for judicial notice previously have been granted. Plaintiff's Chronology of September 23, 2004, to the extent it can be read as a request for judicial notice, will be granted now.

Defendant argues that the case is subject to Younger[2] abstention; the Anti-Injunction Act prevents the court from acting, 28 U.S.C. § 2283; plaintiff lacks standing to challenge California assault weapons laws under the Second Amendment; defendant is entitled to Eleventh Amendment immunity as to plaintiff's claims about missing coins and gold; and the court should not retain jurisdiction over pendent state claims once the federal claims are dismissed.  Def't's April 22, 2005 Mot. to Dismiss (Mot. to Dismiss) at 4-13.

Plaintiff counters that Younger abstention does not apply because the state prosecution was taken in bad faith; the court should decline to apply Younger abstention because there are extraordinary circumstances present; and the Anti-Injunction Act does not apply.  Pl.'s Opp'n to Mot. to Dismiss (Opp'n) at 3-5.

III.  Younger Abstention

In Younger, 401 U.S. at 43, 54, the Supreme Court recognized the "longstanding public policy against federal court interference with state court proceedings . . ." and reversed the District Court's enjoining of a prosecution against Harris for violations of California's criminal syndicalism statutes.

Subsequent cases have distilled the principles of Younger into a three-part test:  a federal court should abstain from adjudicating a lawsuit if (1) there are pending state judicial proceedings, (2) the state proceedings implicate important state interests, and (3) the state proceedings provide an adequate opportunity to raise federal questions.  Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).  Even if the Younger factors counsel abstention, a court may enjoin a proceeding if the plaintiff shows the prosecution is undertaken in bad faith or for harassment.  Younger, 401 U.S. at 54.

/////

/////

---

[2]  Younger v. Harris, 401 U.S. 37 (1971).

A. <u>Pending State Proceeding</u>

Whether a state action is "pending" for <u>Younger</u> purposes is not determined by a simple comparison of filing dates. <u>Polykoff v. Collins</u>, 816 F.2d 1326, 1332 (9th Cir. 1987). If the state action was filed before the federal case proceeded beyond an embryonic stage or the federal court has conducted any proceedings on the substance of the merits of the case, the first <u>Younger</u> requirement is met. <u>Hawaii Housing Authority v. Midkiff</u>, 467 U.S. 229, 238 (1984); <u>Doran v. Salem Inn, Inc</u>., 422 U.S. 922, 929 (1975). Neither the denial of a temporary restraining order, nor service of the complaint, nor the determination of a motion for a preliminary injunction without a hearing constitute proceedings of substance on the merits of the action. <u>Hicks v. Miranda</u>, 422 U.S. 332, 338-39 (1975); <u>Polykoff</u>, 816 F.2d at 1332. In this case, the state action, filed the same day as this court's July 7, 2004 findings and recommendations regarding injunctive relief, is "pending" for purposes of <u>Younger</u> abstention.

In <u>Huffman v. Pursue, Ltd.</u>, 420 U.S. 592, 608 (1975), the U.S. Supreme Court held that even where the appellee's trial was over by the time Pursue brought its federal complaint, a losing party like Pursue must exhaust its state appellate remedies before seeking relief in the federal court, unless an exception to <u>Younger</u> applies. In <u>World Famous Drinking Emporium, Inc. v. Tempe</u>, 820 F.2d 1079, 1082 (9th Cir. 1987), the Ninth Circuit held, for <u>Younger</u> abstention purposes, exhaustion of state appellate remedies did not occur until the losing party appealed the adverse rulings to the state Supreme Court. Failure to exhaust state appellate remedies satisfies the requirement of ongoing state proceedings. <u>Id</u>.

Plaintiff, who now has lost his case in state court, has not provided any evidence to show he has exhausted his state appellate remedies. The first requirement of <u>Younger</u> thus has been met.

B. <u>Important State Interest</u>

<u>Younger</u> held that interference with a state criminal prosecution would disrupt the exercise of a basic state function, "prohibiting the State from carrying out the important and

necessary task of enforcing these laws against socially harmful conduct that the State believes in good faith to be punishable under its laws and Constitution." <u>Younger</u>, 401 U.S. at 51-52. A criminal prosecution implicates important state interests.

   Plaintiff relies on <u>Champion International Corporation v. Brown</u>, 731 F.2d 1406 (9th Cir. 1984), to argue the state has no interest in pursuing a federally licensed firearms importer, because federal law preempts state regulation. <u>Champion</u> is inapposite, for it involved a state civil action on a topic preempted by the federal Employment Retirement Income Security Act, 29 U.S.C. § 1144(a). The instant case, in contrast, involves a criminal prosecution of gun related offenses. While Congress has enacted extensive legislation in the field, federal law has been interpreted to permit, not preempt, state regulation of firearms. <u>Oefinger v. Zimmerman</u>, 601 F. Supp. 405, 411-12 (W.D. Pa. 1984), <u>aff'd</u>, 779 F.2d 43 (3d Cir. 1985) ("the federal scheme . . . does not displace the power of the State to determine that certain offensive weapons should not be possessed within the boundaries of the State").

   Given the importance of the state's interest in firearms regulation, the second requirement of <u>Younger</u> abstention has been met.

   C. <u>Opportunity To Raise Federal Questions</u>

   "Where valid state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of constitutional claims.'" <u>Middlesex County Ethics Comm.</u>, 457 U.S. at 432 (internal citation omitted). Federal plaintiffs "need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings. . . ." <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977); <u>Communications Telesystems International v. California Public Utility Commission</u>, 196 F.3d 1011, 1019-20 (9th Cir. 1999). Plaintiff has not pointed to any procedural bar to the state court's considering his preemption and Second Amendment arguments in the pending criminal proceeding. <u>See</u> <u>People ex rel. State Air Resources Board v. Wilmshurst</u>, 68 Cal. App. 4th 1332, 1333-34 (3d Dist. 1999) (considering
/////

preemption defense to state proceedings for emissions violations). Thus the third requirement of Younger is met as well.

### D. Bad Faith

In Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975), the U.S. Supreme Court held that in the Younger abstention context, bad faith "generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." Plaintiff argues that defendant knew he could not get a valid conviction because the prosecution was based on information protected by 26 U.S.C. section 5848, a section of the Internal Revenue Code. Opp'n at 3-4.

Section 5848 forbids the direct or indirect use of information, obtained from federal firearm applications or registrations required to be retained or submitted to comply with the Internal Revenue Code, as evidence against a person in a criminal proceeding with respect to a violation of law occurring prior to or concurrently with the filing of the application or registration. 26 U.S.C. § 5848.

In this case, it is not clear that section 5848 has any application to plaintiff's claims. The factual record does not show that the criminal proceeding was based on evidence obtained from any of the records covered by section 5848. California firearms agents began looking into the case after being notified of possible state law violations by a federal ATF agent, who saw the illegal weapons during a routine ATF inspection. See, e.g., First Am. Compl., Ex. A. Plaintiff has not alleged facts or provided any information showing that the federal agent disclosed information from covered records to the state or that the state used any such information in its prosecution. Thus, plaintiff has not shown that the prosecution was brought in bad faith, notwithstanding any theoretical protections section 5848 might provide him.

### E. Extraordinary Circumstances

Plaintiff argues that he is suffering irreparable harm because the criminal action violates the Fifth and Fourteenth Amendments. Also, he is in danger of losing his family's

7

1  automobile business because of the conviction. Opp'n at 4.

2  In Younger, the U.S. Supreme Court suggested that extraordinary circumstances
3  might be present where a state statute being enforced violates the U.S. Constitution in every
4  clause, sentence and paragraph. Younger, 401 U.S. at 53-54. In Kugler, 421 U.S. at 124, the
5  U.S. Supreme Court held that Younger abstention should not be applied when extraordinary
6  circumstances make it impossible for the state court to fairly and fully adjudicate the federal
7  issues before it.

8  The extraordinary circumstances that plaintiff raises do not create an exception to
9  Younger. Moreover, the state penal statutes of which plaintiff complains do not constitute a
10 wholesale affront to the Constitution, cf. Silveira v. Lockyer, 312 F.3d 1052 (9th Cir. 2002), cert.
11 denied, 540 U.S. 1036 (2003), and there is no basis for concluding the state courts cannot fairly
12 resolve plaintiff's claims. Therefore, Younger abstention requires this court to defer to the state
13 proceedings. In light of this conclusion, the court need not reach defendant's other arguments
14 regarding dismissal of the federal claims.

15  F. State Claims

16  To the extent the complaint may be read as including state claims, it will be
17 recommended that the district court decline to exercise jurisdiction over plaintiff's state claims in
18 light of the recommended dismissal of federal claims. See 28 U.S.C. § 1367(c).

19  G. Leave to Amend

20  "Leave to amend need not be given if a complaint, as amended, is subject to
21 dismissal." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989).
22 Younger abstention bars all claims and relief plaintiff seeks in his first amended complaint.
23 Younger will continue to bar all claims and relief until state appellate remedies are exhausted.
24 /////
25 /////
26 /////

The first amended complaint should be dismissed without leave to amend because any further amended complaint would have to be dismissed as well.[3]

Accordingly, IT IS HEREBY ORDERED that plaintiff's Chronology filed on September 23, 2004, construed as a request for judicial notice of the dates contained therein (docket no. 37, Ex. 23), is granted.

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss be granted;

2. The court decline to exercise jurisdiction over any pendent state claims; and

3. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within five days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 1, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

wilm0988.mtdismiss

---

[3] Plaintiff argues that this court should stay the federal proceedings until the state proceedings are completed. In Gilbertson v. Albright, 381 F.3d 965, 968-69 (9th Cir. 2004) (en banc), the Ninth Circuit held that Younger abstention applies to civil actions seeking damages rather than injunctive relief, but in such a case, the federal proceeding should be stayed until the conclusion of the state action. In the instant case, however, plaintiff asks for the return of coins and a gold bar and for injunctive and declaratory relief, not damages. First Am. Compl. at 8.